IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00248-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GILBERTO GUERRA-MAYORGA,
    a/k/a "Jesus Santos Rivas-Hidalgo,"

    Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT**

---

Defendant Gilberto Guerra-Mayorga, a/k/a Jesus Santos Rivas-Hidalgo[1], through his counsel Luke McConnell of Mulligan Breit McConnell, LLC, moves this Court for an order pursuant to 18 U.S.C. §3161(h)(7)(A) and (B) excluding time and vacating the existing case deadlines and hearing dates. As grounds, the defendant states as follows:

    1.    <u>Conferral</u>: Counsel for the defendant has conferred with Assistant United States Attorney Andrea Surratt regarding the request made herein and is authorized to state that the government does not oppose this motion.

---

[1] The defendant's true identity is currently disputed in this case. While the defendant recognizes that the case is captioned with a primary name of "Gilberto Guerra-Mayorga," and it may be necessary to use that name in order to be consistent with the case caption, the defendant asserts that his true name is Jesus Santos Rivas-Hidalgo. Thus, to the extent that the name "Gilberto Guerra-Mayorga" is used, it is only so as not to create unnecessary confusion with the case caption and is not an admission by Mr. Rivas-Hidalgo regarding his true name or any connection to the captioned name.

1

### A. Speedy Trial Status

2. The defendant made his first appearance before a judicial officer on August 28, 2020, and a not guilty plea was entered on September 2, 2020. Therefore, the currently operative 70-day statutory speedy trial deadline began to run on August 28, 2020 and is November 6, 2020. 18 U.S.C. §3161(c)(1). The discovery conference and memorandum (Doc No. 14) reflects a 70-day deadline of November 7, 2020, which is off by one day and also a Saturday.

3. As of the filing of this motion, including the day on which the motion is filed, nineteen (19) days have elapsed out of the 70 day statutory speedy trial deadline. There are, therefore, 51 days remaining on the current speedy trial clock.

4. The filing of this motion stops the running of the clock, and any delay resulting from either the disposition of this motion or pursuant to the request made herein is excluded from the computation of the speedy trial clock. 18 U.S.C. §3161(h)(1)(D), (h)(7)(A).

5. The current case deadlines are set forth in the Court's Order from September 8, 2020 setting the trial date and related deadlines. (Doc No. 18).

### B. An Exclusion Of Time Is Necessary And Authorized By Law

6. For the reasons set forth below, a continuance of 90 days serves the ends of justice, and the benefits of granting of such a continuance outweigh the best interest of the public and the defendant in a trial scheduled for November 2, 2020. *Id.*

7. Since the beginning of this case, the parties have been working productively and diligently to investigate the issues presented by the indictment and the

available investigative documents provided by the government. After further consultation amongst all parties, several issues have been identified as needing further investigation. The result of the anticipated further investigation goes to the heart of the case and relates to both the scope and integrity of the government's prosecution, but also the defendant's substantial rights.

8. The central question in the case relates to the allegation that Mr. Rivas-Hidalgo used the name Gilberto Guerra-Mayorga in the mid-1990s, and three out of the four charges in the case depend on the proof related to this allegation. Upon further examination, there are several matters requiring a more detailed investigation and analysis regarding the alleged identities of the defendant. Working together, counsel have identified additional documentation that needs to be procured (if it is available), and there are numerous investigative actions that the defense has in progress as well.

9. The investigative and follow up actions being pursued are not necessarily simple or easy. These tasks include, but are not limited to, reconstructing the events of the mid-1990s, tracing and identifying a separate and as yet mostly unknown foreign national, and digging up files and records created a long time ago. All of these actions go to the heart of the case, and directly impact the gravamen of the indictment.

10. Currently, pretrial motions are due tomorrow, on September 16, 2020. Based upon the known information, it is difficult to ascertain the necessary motions at this stage in the investigation. Additionally, the parties are working to hopefully clarify the issues and/or charges in the case in order to focus any future litigation. Put another way, allowing additional time for the parties to continue to investigate this case and

potentially narrow the issues, will allow for more focused and productive litigation in the future should further litigation be necessary.

11. Both the relevant statutory factors and the factors articulated in *U.S. v. West*, 828 F.2d 1468 (10th Cir. 1987), support a continuance in this matter. Here, the denial of a continuance could result in a miscarriage of justice should the defendant and the government not be afforded the opportunity to further delve into the issues surrounding the defendant's alleged identities. 18 U.S.C. §3161(h)(7)(B)(i). Additionally, both parties need more time for effective preparation, but particularly the defense needs additional time to effectively represent the defendant consistent with the obligations of defense counsel. *See* U.S. Const. Amend. VI. The parties need more time despite their exercise of due diligence up to this point. 18 U.S.C. §3161(h)(7)(B)(iv).

12. Applying the factors in *West*, the parties have exercised due diligence up to this point, the continuance will allow the parties to productively accomplish the purpose for the requested additional time, and the continuance does not prejudice any party, witness, or the court. *West*, 828 F.2d at 1470. But perhaps more important, because the need for more time centers on the parties' goal of clarifying the central issue in the case, the denial of the requested continuance risks substantial harm to the defendant. *Id.* Additionally, it is possible that further investigation will eliminate many of the charges in this case and create substantial efficiencies moving forward. Even if all the charges remain, more time to investigate will allow the parties to focus the issues for future litigation.

13. Mr. Rivas-Hidalgo is out of custody in this case; therefore, there is no

pressing need to adjudicate this matter to alleviate prolonged confinement. However, Mr. Rivas-Hidalgo is a U.S. Citizen, and his status as such is also at risk in connection to the investigaiton and indictment in this case. Mr. Rivas-Hidalgo risks not only the sanctions of the criminal justice system in this case, but potentially also his citizenship; thus, the stakes could not be higher. It is critical in light of this that the parties be given enough time to effectively prepare.

14.  In terms of scheduling, the attorney for the government has a fairly likely trial scheduled to begin on February 8, 2021. The request for 90 days made herein is meant to strike a balance between the time needed but also the efficient adjudication of the case. The defendant is more than willing to work around the government's scheduling constraints, and to the extent this presents an issue, would simply request that additional time be given not less.

WHEREFORE, the Defendant respectfully request that the Court issue an Order excluding at least 90 days from the speedy trial clock in the interests of justice.

Respectfully submitted this 15th day of September, 2020.

/s/ Luke W. McConnell
**Luke W. McConnell, #40414**
Mulligan Breit McConnell, LLC
475 W. 12th Ave, Suite D
Denver, CO 80204
(303) 295-1500
luke@mulliganbreit.com

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/Luke W. McConnell

5

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 15th day of September, 2020, a true and correct copy of the foregoing **DEFENDANT'S UNOPPOSED MOTION TO EXCLUDE TIME FROM THE SPEEDY TRIAL ACT** was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification to the following email addresses:

Andrea Lee Surratt
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
*Andrea.surratt@usdoj.gov*

Attorney for Government

                                        /s/ Luke W. McConnell
                                        Luke W. McConnell