IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico

Criminal Action No. 1:20-cr-00248-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GILBERTO GUERRA-MAYORGA, a/k/a Jesus Santos Rivas-Hidalgo,

    Defendant.

## ORDER GRANTING FIRST MOTION TO EXCLUDE TIME

Before the court is Defendant's unopposed motion to continue the trial date and to exclude ninety (90) days when computing the time within which his trial must commence under the Speedy Trial Act. (Mot. to Exclude Time, Doc. 20.) For the following reasons, the court finds that the requested continuance is warranted, and that the ends of justice served by granting the continuance outweigh the best interests of the public and Defendant in a speedy trial. Accordingly, Defendant's motion is granted.

### PROCEDURAL HISTORY

On August 6, 2020, Defendant was indicted on two counts of knowingly and willfully making a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport in violation of 18 U.S.C. § 1542. Defendant was also indicted on one count of providing false information on an application for naturalization and knowingly procuring and attempting to procure naturalization contrary to law in violation of 18 U.S.C. § 1425(a). Defendant

- 1 -

was also indicted on one count of knowingly personating another and appearing falsely in the name of a deceased person to be admitted as a citizen of the United States in violation of 18 U.S.C. § 1424.

On August 27, 2020, Defendant was arrested. The next day, Defendant appeared before Magistrate Judge Kristen L. Mix. On September 2, Defendant entered a plea of not guilty before Magistrate Judge N. Reid Neureiter. On September 2, Magistrate Judge N. Reid Neureiter entered a discovery conference memorandum and order. On September 4, Defendant entered bond. On September 8, the Court entered an order setting trial to commence November 2, 2020.

On September 15, Defendant filed his first unopposed motion for an ends of justice continuance of ninety (90) days. (Doc. 20.)

By the court's calculation, the speedy trial deadline, as of the time of filing of this motion, is November 6, 2020.[1] (*See* Doc. 14 at p. 9; Doc. 20 at p. 2.)

## APPLICABLE LAW

When evaluating a request to continue a trial, the court considers the following factors: (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for

---

[1] This deadline includes only those days tolled as a result of the ends-of-justice continuances ordered by the court to date pursuant to 18 U.S.C. § 3161(h)(7) and does not include any additional period of delay that may be excluded from the Speedy Trial Act time pursuant to any other subsection of 18 U.S.C. § 3161(h), *e.g.*, due to the filing of a pretrial motion.

the continuance and the harm that the party requesting it might suffer if the continuance is denied. *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987). No single factor is determinative, and the weight given to any one factor may vary depending on the extent of the showing on the others. *Id.* However, "by far the most important factor to consider" is the requesting party's need for a continuance and the prejudice resulting from its denial. *Id.* at 1471.

When a request for continuance implicates Speedy Trial Act requirements, the court may exclude from the statutory time period within which the Defendant's trial must commence "[a]ny period of delay resulting from a continuance granted . . . on the basis of [the court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). To exclude the period resulting from such a continuance, the court must set forth in the record its reasons for finding that the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial, considering the following factors:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.
>
> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.
>
> . . . .
>
> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant

- 3 -

> reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(A)-(B); *see also United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009).

## DISCUSSION

Defendant's counsel requests that an additional ninety (90) days be excluded from the speedy trial clock. Counsel seeks a continuance for the following reasons: (1) defense counsel needs more times to investigate Defendant's identity and alleged identities; (2) Defendant is out of custody and there is no pressing need to adjudicate this matter to alleviate prolonged confinement; and (3) the current trial deadlines would deprive counsel of the time necessary to effectively prepare despite exercising due diligence. (*See* Doc. 20 at pp. 2–4.)

The court finds that the Speedy Trial and *West* factors weigh in favor of granting the requested continuance. Nothing in the record suggests that Defendant and his counsel will not be diligent in preparing for trial. Defendant and his counsel have a clear interest in meeting and conferring to discuss the case, as well as to investigate Defendants' identity and alleged identities dating back to the mid-1990's. The government does not oppose the requested continuance, and the continuance will not cause any significant inconvenience to the court. And Defendant might be significantly prejudiced if the continuance is denied, as neither Defendant nor the government will be able to knowingly and intelligently decide whether to enter into a plea agreement until Defendant and his counsel are able to fully explore any exculpatory evidence that may be available through additional investigation.

Accordingly, based on the relevant record considered as a whole,[2] the court FINDS that:

Failure to grant a continuance of trial beyond the time prescribed by 18 U.S.C. § 3161(c)(1) would likely result in a miscarriage of justice, within the meaning of 18 U.S.C. § 3161(h)(7)(B)(i);

Even taking into account the exercise of due diligence, failure to grant the requested continuance would deny counsel for Defendant the reasonable time necessary for effective pretrial and trial preparation within the meaning of 18 U.S.C. § 3161(h)(7)(B)(iv);

The ends of justice served by granting the requested continuance outweigh the best interest of the public and Defendant in a speedy trial within the meaning of 18 U.S.C. § 3161(h)(7)(A); and

Ninety days should be excluded from the computation of the speedy trial time.

It is ORDERED that:

Defendant's unopposed motion to exclude time (Doc. 20) is GRANTED; and

Ninety (90) days is excluded from the computation of the speedy trial time.

It is FURTHER ORDERED that the following dates and deadlines are adjusted as follows:

---

[2] As required by 18 U.S.C. § 3161(h)(7)(C), the court has not predicated its ruling on congestion of its calendar or lack of diligent preparation by the government's counsel.

1)      The speedy trial deadline is RESET to February 4, 2021;[3]

2)      The five-day jury trial is VACATED and RESET to commence at 9:00 a.m. on February 1, 2021 in Courtroom A702 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294. Counsel and pro se parties shall be present at 8:30 a.m. on the first day of trial;

3)      The Trial Preparation Conference is VACATED and RESET to 1:30 p.m. on January 28, 2021 in Courtroom A702; and

4)      The pretrial motions deadline is extended to December 15, 2020; responses to those motions shall be filed no later than December 22, 2020; and no replies shall be permitted without prior leave of the court. The deadlines for disclosing and challenging expert witnesses, filing any notice of disposition, filing and responding to motions *in limine*, filing proposed jury instructions and verdict forms, filing trial briefs, filing witness and exhibit lists, and filing proposed *voir dire* questions remain as stated in the court's Order Setting Trial Date and Related Deadlines. (Doc. 18.)

---

[3]   This deadline includes only those days tolled as a result of the ends-of-justice continuances ordered by the court to date pursuant to 18 U.S.C. § 3161(h)(7) and does not include any additional period of delay that may be excluded from the Speedy Trial Act time pursuant to any other subsection of 18 U.S.C. § 3161(h), *e.g.*, due to the filing of a pretrial motion.

5) All other deadlines are set forth in the Court's Criminal Practice Standards.

DATED: September 21, 2020   BY THE COURT:

_____
Hon. Daniel D. Domenico
United States District Judge