**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Criminal Case No. 20-cr-00248-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    GILBERTO GUERRA-MAYORGA,
    a/k/a "Jesus Santos Rivas-Hidalgo,"

    Defendant.

---

**DEFENDANT'S UNOPPOSED MOTION TO APPEAR VIA VIDEO
TELECONFERENCE FOR CHANGE OF PLEA HEARING**

---

Defendant Gilberto Guerra-Mayorga, a/k/a Jesus Santos Rivas-Hidalgo[1], through his counsel Luke W. McConnell of Mulligan Breit McConnell, LLC, and in accordance with District Court General Order 2020-22 and §15002(b)(2) of the CARES Act, respectfully requests that he be allowed to appear at the change of plea hearing scheduled for January 28, 2020 at 1:30 pm via video teleconference (VTC). As grounds, Mr. Rivas-Hidalgo states as follows:

    1.    <u>Conferral</u>: The undersigned has conferred with the government regarding

---

[1] The defendant's true identity is currently disputed in this case. While the defendant recognizes that the case is captioned with a primary name of "Gilberto Guerra-Mayorga," and it may be necessary to use that name in order to be consistent with the case caption, the defendant asserts that his true name is Jesus Santos Rivas-Hidalgo. Thus, to the extent that the name "Gilberto Guerra-Mayorga" is used, it is only so as not to create unnecessary confusion with the case caption and is not an admission by Mr. Rivas-Hidalgo regarding his true name or any connection to the captioned name.

1

this request and is authorized to state that the government has no objection.

2. In accordance with §15002(b)(2) of the CARES Act, and in light of the ongoing pandemic, on December 24, 2020, Chief Judge Brimmer issued General Order 2020-22 in which he found that felony pleas pursuant to Fed. R. Crim. P. 11 "cannot be conducted in person without seriously jeopardizing public health and safety." The parties do not disagree with the necessity of this finding. Pursuant to General Order 2020-22, judges may allow felony pleas by VTC if in the individual case the court makes specific findings that further delay (to allow an in-person appearance) would do serious harm to the interests of justice. The Chief Judge's findings regarding the risk of appearing in person remain in effect for 90 days from the date of the order unless further extended.

3. Mr. Rivas-Hidalgo is out of custody; thus, he would not endure prolonged detention should the Court postpone the change of plea hearing to a later date when an in-person appearance is safely possible. However, this matter looms large over Mr. Rivas-Hidalgo's life and he is thus motivated to work toward its conclusion. Apart from the pandemic, there would be otherwise be no need to delay this case. Furthermore, it is unpredictable to know precisely when in-person appearances will be safely possible, and it is probably reasonable to assume that the current general order will be extended sometime in March when they are due to expire. Therefore, Mr. Rivas-Hidalgo would prefer to go forward with his change of plea as scheduled, but would respectfully move this Court to allow his appearance by VTC.

Respectfully submitted this 20th day of January, 2021.

/s/ Luke W. McConnell
**Luke W. McConnell, #40414**
Mulligan Breit McConnell, LLC
475 W. 12th Ave, Suite D
Denver, CO 80204
(303) 295-1500
luke@mulliganbreit.com

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).

/s/Luke W. McConnell

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of January, 2021, a true and correct copy of the foregoing **DEFENDANT'S UNOPPOSED MOTION TO APPEAR VIA VIDEO TELECONFERENCE FOR CHANGE OF PLEA HEARING** was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification to the following email addresses:

Andrea Lee Surratt
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
*Andrea.surratt@usdoj.gov*

Attorney for Government

/s/ Luke W. McConnell
Luke W. McConnell

3