IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 20-cr-00248-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. JESUS SANTOS RIVAS-HIDALGO,

    Defendant.
_____

## PLEA AGREEMENT
_____

The United States of America, by and through Andrea Surratt, Assistant United States Attorney, and the defendant, JESUS SANTOS RIVAS-HIDALGO, personally and through counsel, Luke W. McConnell, submit the following Plea Agreement and Statement of Facts Relevant to Sentencing.

### I. PLEA AGREEMENT

This plea is pursuant to Fed. R. Crim. P. 11(c)(1)(A).

**A.**    **Defendant's Obligations**

    **1.**    **Count(s) of Conviction**

The defendant agrees to plead guilty to Count One of an Information, which charges a violation of 18 U.S.C. § 1542 (false statement in application for passport).

    **2.**    **Waiver of Appeal**: The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in

**COURT EXHIBIT**

**1**

exchange for the concessions made by the Government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed exceeds the maximum penalty provided in the statute of conviction, (2) the sentence exceeds the advisory Guidelines range for a total offense level of 10, or (3) the Government appeals the sentence imposed. If any of these three criteria apply, the defendant may appeal on any ground that is properly available in an appeal that follows a guilty plea.

The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255. This waiver provision does not prevent the defendant from seeking relief otherwise available in a collateral attack on any of the following grounds: (1) the defendant should receive the benefit of an explicitly retroactive change in the sentencing Guidelines or sentencing statute; (2) the defendant was deprived of the effective assistance of counsel; or (3) the defendant was prejudiced by prosecutorial misconduct.

**B.    Government's Obligations**

The Government agrees that, at the time of sentencing, it will move to dismiss Indictment 20-cr-00248-DDD.

In exchange for the defendant's timely plea of guilty, the Government also agrees to recommend the Court give the defendant full credit for acceptance of responsibility,

unless the defendant engages in conduct that qualifies for the obstruction of justice enhancement under U.S.S.G. §§ 3C1.1 and 3E1.1, comment (note 4) between the time of the guilty plea and sentencing.

By allowing the defendant to plead guilty to the Information as described in this plea agreement, the Government takes no position in this agreement as to the defendant's true name or identity except to acknowledge that he currently uses the name JESUS SANTOS RIVAS-HIDALGO.

## II. STATUTORY PENALTIES

The statutory penalty for the offense charged in Count One of the Information is not more than 10 years' imprisonment; not more than a $250,000 fine; not more than 3 years' supervised release; and a $100 special assessment fee.

If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## III. COLLATERAL CONSEQUENCES

The conviction may cause the loss of civil rights, including but not limited to the rights to possess firearms, vote, hold elected office, and sit on a jury.

If the defendant is an alien, the conviction may cause the defendant to be deported and removed from the United States or confined indefinitely if there is no country to which the defendant may be deported, to be denied admission to the United States in the future, and to be denied citizenship.

If the defendant is a naturalized citizen of the United States, the defendant

recognizes that pleading guilty may have consequences with respect to the defendant's immigration status. Under federal law, an individual may be subject to denaturalization and removal if his naturalization was procured by concealment of a material fact or by willful misrepresentation or otherwise illegally procured. Denaturalization and other immigration consequences are typically the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict with certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's possible denaturalization and removal from the United States

## IV. **ELEMENTS OF THE OFFENSE**

The parties agree that the elements of the offense to which the defendant will plead guilty are as follows:

1. The defendant made a false statement in an application for a United States passport;
2. The defendant made the statement intending to obtain a United States passport for his own use; and,
3. The defendant acted knowingly and willfully.

## V. **STIPULATION OF FACTS**

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below.

Because the Court must, as part of its sentencing methodology, compute the advisory Guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations.  To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

The statement of facts herein does not preclude either party from presenting and arguing, for sentencing purposes, additional facts or factors not included herein which do not contradict the facts to which the parties have stipulated and which are relevant to the Guideline computation under § 1B1.3, or to the sentencing factors found in § 1B1.4 and 18 U.S.C. § 3553(a), or to this Court's overall sentencing decision.  In "determining the factual basis for the sentence, the Court will consider the stipulation of the parties, together with the results of the presentence investigation, and any other relevant information." U.S.S.G. § 6B1.4 Comm.

The parties stipulate to the following facts:

On December 8, 2015, while returning from an overseas trip, the defendant was stopped by a Customs and Border Protection agent (the "CBP Agent") at the Houston International Airport.  During this interaction, the CBP Agent seized the defendant's U.S. passport and then allowed the defendant to continue home to Denver.

On November 19, 2018, in the District of Colorado, the defendant applied for a new U.S. passport.  As part of his passport application, the defendant was required to fill out a form indicating what happened with his previous passport.  On this form, the

5

defendant indicated that his passport was "lost on a plane from TX to CO in December 2014." Based on this application, the defendant was issued a new U.S. passport.

The above-described statement explaining what happened to the defendant's previous passport was made on an application for a U.S. passport. The statement was false since, as described above, the defendant's passport was not "lost on a plane;" rather, it was seized by the CBP Agent. The statement was made by the defendant intending to get a U.S. passport for his own use, and the statement was made knowingly and willfully.

## VI.  ADVISORY GUIDELINE COMPUTATION

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory Guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth below their estimate of the advisory Guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the Guideline computations, the recitation below identifies the matters which are in dispute.

The Guideline calculation below is the good-faith estimate of the parties, but it is only an estimate.  The parties understand that the Government has an independent obligation to assist the Court in making an accurate determination of the correct Guideline range.  To that end, the Government may make legal or factual arguments that affect the estimate below.

Offense Level:

A.   The Guideline applicable to Count One is U.S.S.G. § 2L2.2 and the base offense level is 8.

B.   Four levels are added pursuant to U.S.S.G. § 2L2.2(b)(3) because the defendant fraudulently obtained and used a United States passport.

C.   Because the defendant demonstrated acceptance of responsibility for his offense, two levels are subtracted pursuant to U.S.S.G. § 3E1.1(b).

D.   The defendant's total offense level is therefore 10.

Criminal History:

E.   The parties acknowledge and agree that the estimation regarding the defendant's criminal history is tentative. The defendant acknowledges that the criminal history will be further investigated by the United States Probation Department and ultimately determined by the Court. The defendant further acknowledges that any additional facts regarding the criminal history can greatly affect the final Guideline range and result in a longer term of imprisonment. Based upon the facts known at this time regarding the defendant's criminal history, the parties believe that the defendant falls within Criminal History Category ("CHC") I.  § 4A1.1.

Guidelines Range:

F.   The Guidelines range resulting from the estimated offense level of 10 and the estimated Criminal History Category of I is 6-12 months' imprisonment.  The imprisonment range at offense level 10 could be from 6 (at the bottom of CHC I) to 30 (at the top of CHC VI).

7

G.      Pursuant to U.S.S.G. § 5E1.2, given an offense level of 10, the fine range for the offense of conviction would be $4,000 to $40,000, plus applicable interest and penalties.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the Guideline range.  In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the Guideline range precludes either party from asking the Court, within the overall context of the Guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the Guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory Guidelines. Similarly, no estimate by the parties regarding the Guideline range precludes either party from asking the Court to vary entirely from the advisory Guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

The parties understand that the Court is free, upon consideration and proper application of all 18 U.S.C. § 3553 factors, to impose that reasonable sentence which it deems appropriate in the exercise of its discretion and that such sentence may be less than that called for by the advisory Guidelines (in length or form), within the advisory guideline range, or above the advisory Guideline range up to and including imprisonment for the statutory maximum term, regardless of any computation or position of any party on any 18 U.S.C. § 3553 factor.

## VIII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements, side agreements, terms, conditions, understandings or assurances, express or implied. In entering this agreement, neither the Government nor the defendant have relied, or are relying, on any terms, promises, conditions or assurances not expressly stated in this agreement.

Date: 1/22/21

Jesus Santos Rivas-Hidalgo
Defendant

Date: 1/22/21

Luke McConnell
Attorney for Defendant

Date: 01/07/2021

Andrea Surratt
Assistant U.S. Attorney