IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No. 20-cr-248-DDD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. GILBERTO GUERRA-MAYORGA,
    a/k/a "Jesus Santos Rivas-Hidalgo,"

    Defendant.

## GOVERNMENT'S SENTENCING STATEMENT

The United States of America, by and through the undersigned Assistant United States Attorney, hereby recommends that the Court sentence defendant GILBERTO GUERRA-MAYORGA, a/k/a Jesus Santos Rivas-Hidalgo to a sentence of six months' imprisonment.

<u>Facts and Procedural History</u>

As described in the plea agreement (Dkt # 28) and presentence investigation report ("PSR") (Dkt #40), the facts of this case are straightforward. On December 8, 2015, when returning from an overseas trip, the defendant was stopped by a Customs and Border Protection agent (the "CBP Agent") at the Houston International Airport. During this interaction, the CBP Agent seized the defendant's U.S. passport and then allowed the defendant to continue home to Denver.

Three years later, on November 19, 2018, the defendant applied for a new U.S. passport. As part of his application, the defendant indicated that his prior passport was "lost on a plane from TX to CO in December 2014." This, of course, was untrue.

1

The defendant was indicted on August 6, 2020 in four counts, including for the November 19, 2018 false statements made on a passport application. (Dkt #1). Ultimately, the defendant pled guilty to an Information charging him in one court of making false statements in a passport application, in violation of 18 U.S.C. § 1542. (Dkt #35, 37).

The defendant is currently on bond.

## Guidelines Calculation

In the plea agreement, the parties agreed that the defendant's base offense level for Count One of the Information, pursuant to U.S.S.G. § 2L2.2, is 8. Four levels are added pursuant to U.S.S.G. § 2L2.2(b)(3) because the defendant fraudulently obtained and used a U.S. passport. After subtracting 2 levels for acceptance of responsibly, the defendant's total offense level is 10. The PSR agrees with this calculation. (PSR ¶¶ 21-29).

The parties and the PSR estimate that the defendant's criminal history category is I. (PSR ¶ 34). Accordingly, the defendant's Guidelines range is 6-12 months' imprisonment.

## Application of the 18 U.S.C. § 3553(a) Factors

Based on the application of the factors in 18 U.S.C. § 3553(a), the Government believes that a sentence of 6 months' imprisonment—the bottom of the defendant's Guidelines range—is appropriate in this case.

A. *Nature and Circumstances of the Offense*

The Government expects that the defendant will argue that his statement to the CBP Agent in November 2018 was an aberration; out of character; a mistake he deeply regrets. This may be true—but it was still a crime and the defendant surely knew that. The federal laws prohibiting lying on a passport application are not meaningless. Rather, they are designed to protect the integrity of our borders and ensure that only U.S. citizens who are eligible for a

2

passport obtain one. In other words, lying on a passport application is not a victimless crime and it is not a minor infraction.

Moreover, the defendant's offense in this case falls within the heartland of passport offenses. There is no allegation that he used the fraudulently-obtained passport for nefarious purposes or further wrongdoing—and if he had, his Guidelines range would be higher and so too would the Government's sentencing recommendation. Rather, the defendant simply lied on his application, obtained a passport by fraud, and used that passport. A sentence within the resulting Guidelines range is entirely appropriate given that straightforward conduct.

 B. *History and Characteristics of the Defendant*

By all accounts, the defendant has lived a mostly law-abiding life in the United States after he entered illegally when he was a young man. He got married (thereby eventually gaining citizenship) and had a family and appears to work hard to support that family. And the fact that the defendant has mostly avoided interactions with the police is reflected in his low Guidelines range. In other words, a further variance from the bottom of the Guidelines range is not necessary to "reward" this defendant for doing what is expected of him—obeying the laws of the United States. Rather, the defendant's lack of criminal history is already built into the Guidelines range—and the Government's recommendation on the low end of that range—and further downward variance is not appropriate. Simply because the defendant claims that committing this sort of crime is an aberration from a law-abiding life does not absolve him of his wrongdoing.

 C. *The Need for the Sentence to Achieve the Aims of 18 U.S.C. § 3553(a)(2)*

A prison sentence is necessary to provide just punishment for the offense and to afford deterrence to criminal conduct.

As stated above, the defendant's crime was not benign or inconsequential. Rather, there are few things more important to the nation—or any nation—than the integrity of its borders and immigration system. Some measure of punishment in the form of a relatively short prison sentence is appropriate as just punishment for the offense committed by the defendant.

In addition, a sentence that amounts to more than a slap on the wrist is appropriate for purposes of general deterrence. It protects the system as a whole for others to recognize that, should they be considering committing offenses related to U.S. passports, the judicial system takes those offenses seriously and punishment is likely to result.

<u>Sentencing Recommendation</u>

For the reasons described herein, the Government requests that the Court impose a sentence of six months imprisonment, which is at the bottom of the defendant's Guidelines range.

Respectfully submitted this 30th day of April, 2021

        MATTHEW T. KIRSCH
        Acting United States Attorney

By:   <u>s/ Andrea Surratt</u>
      Andrea Surratt
      Assistant United States Attorney
      U.S. Attorney's Office
      1801 California St., Suite 1600
      Denver, CO 80202
      Telephone: (303) 454-0100
      e-mail: Andrea.Surratt@usdoj.gov
      Attorney for the Government

I hereby certify that the foregoing pleading complies with the type-volume limitation set forth in Judge Domenico's Practice Standard III(A)(1).